■ FRANCIS H. NEVERETT, Appellant, v O'CONNELL & ARONOWITZ, P. C., Respondent. [693 NYS2d 318] —Crew III, J. Appeal from that part of an order of the Supreme Court (Lahtinen, J.), entered January 4, 1999 in Clinton County, upon a decision of the court which determined that plaintiff could not recover his capital investment.

In April 1989 plaintiff, an established attorney in the City of Plattsburgh, Clinton County, and defendant, a local law firm, entered into an agreement whereby plaintiff would manage a satellite office established by defendant in Plattsburgh. Pursuant to paragraph No. 4 of the agreement, the parties made equal capital contributions to the new office, with each contributing approximately $57,000. The agreement was to remain in effect for a three-year period, during which time plaintiff would receive annual compensation in the amount of $100,000, subject to certain adjustments. Specifically, in the

event that the Plattsburgh office operated at a loss during the first two years of the agreement, plaintiff's salary for the following year would be reduced by 50% of the loss incurred in the previous year.[1] At the end of the three-year period, plaintiff could recoup some, if any, of the salary reduction suffered in accordance with paragraph No. 9 of the agreement, which provided that:

"The sharing of profits and the payment of compensation to [plaintiff] will cease upon:

"i. the end of the three year period, unless extended by agreement, or for a period, not to exceed two additional years, to the extent necessary to compensate for salary reductions sustained (net of any profit distributions) by [plaintiff] under Paragraph '4'."

Additionally, plaintiff would be entitled to the return of his capital contribution pursuant to paragraph No. 6 of the parties' agreement, provided defendant did not sustain a "net loss" during the three years in question. The parties' April 1989 agreement subsequently was modified in May 1990 to provide that the final reconciliation of what would be due plaintiff at the end of the three years would be determined on an "accrual" basis.[2]

At the conclusion of the three-year period, the parties' agreement was not extended and plaintiff thereafter commenced this action seeking, *inter alia*, the return of his capital investment. Following a nonjury trial, Supreme Court concluded, *inter alia*, that plaintiff's third-year salary had been incorrectly calculated and, to that end, awarded plaintiff $34,520, plus interest, as "salary recoupment". With respect to plaintiff's capital investment, Supreme Court, after taking into account the additional $34,520 in salary owed to plaintiff for the final year of the agreement, found that defendant had sustained a net loss for the three-year period in the amount of $3,220 and, hence, plaintiff was not entitled to the return of his capital investment. This appeal by plaintiff ensued.

We affirm. Plaintiff, as so limited by his brief, argues only that Supreme Court erred in including the "salary recoupment" figure as an expense prior to calculating net profit on an accrual basis. The crux of plaintiff's argument on this point is

1. Indeed, the office did operate at a loss during this time period and plaintiff's salary was reduced accordingly.

2. Under the cash basis of accounting, income is recognized when it is received and expenses are recognized when they are paid. Utilizing the accrual method, revenue is recognized when it is earned and expenses are recognized when they are incurred.

that, pursuant to paragraph No. 9 of the parties' agreement, the recovery or recoupment of any salary reductions sustained due to prior operating losses must come from profits. Thus, the argument continues, Supreme Court could not simultaneously award plaintiff $34,520 as "salary recoupment" and find that defendant had sustained a net loss in the amount of $3,220.

In our view, plaintiff's entire argument on this point is premised upon Supreme Court's erroneous, and no doubt inadvertent, characterization of the $34,520 awarded as "salary recoupment". In this regard, a review of Supreme Court's decision plainly reveals that the sum awarded by the court stemmed from defendant's failure to properly calculate plaintiff's third-year salary. In other words, the $34,520 in question was not a recovery for salary reductions previously sustained due to operating losses incurred but, rather, represented *salary* that should have been paid to plaintiff during the third year of the agreement. As salary clearly is an "expense" that, under the accrual method, is recognized when incurred (regardless of when it is paid), Supreme Court appropriately deducted this figure prior to determining defendant's overall profitability. Because the recognition of such salary expense resulted in defendant sustaining a net loss, Supreme Court was correct in concluding that, in accordance with the parties' agreement, plaintiff was not entitled to the return of his capital contribution.

Mercure, J. P., Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.

